
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHONGLIN SUN, | No. 11-72379 |
| Petitioner, | Agency No. A099-045-737 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2015**
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,***
Chief District Judge.

Zhonglin Sun, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) denial of his August 24, 2005 application

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

for asylum, withholding of removal, and protection under the Convention Against Torture. Sun claimed that his wife's second pregnancy was forcibly terminated in 1990, that his home in China was demolished without adequate compensation in 2004, and that when he led a demonstration to protest the demolition, police detained and beat him. Sun contends that the BIA erred in (1) affirming the Immigration Judge's (IJ) adverse credibility determination; (2) determining that he failed to establish eligibility for asylum based on his wife's forced abortion; and (3) determining that his treatment stemming from the demolition of his house did not amount to persecution on account of political opinion. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

Under the REAL ID Act, which applies to Sun's application for relief, the IJ's credibility determination must consider the "totality of the circumstances," and may be based on "all relevant factors," including demeanor, candor, inherent plausibility of the applicant's account, and internal consistency of statements. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found, and the BIA agreed, that Sun gave "confusing, evasive, and unconvincing" testimony on several key elements of his story. For instance, Sun was unable to provide convincing proof that he owned the home that had been demolished. He stated that he "should have" a registration booklet for it, but he did not. The IJ also expressed confusion how Sun's identity

card stating his address as the allegedly demolished house could have been issued in August 2004, if the house was destroyed two months before that. When the government attorney asked Sun why a household register indicated that he moved to a new address in 2005, after he had already left China, Sun said without explanation that his wife had arranged it. Observing that these discrepancies went to the heart of Sun's claim, the IJ issued an adverse credibility finding, which the BIA adopted and affirmed.

We review adverse credibility findings for substantial evidence, and we hold that there was substantial evidence to support the finding at issue here. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). According to our "highly deferential review," we uphold the adverse credibility finding because the IJ and BIA provided "specific cogent reason[s]" to support it. *Id.* at 1042–43.

Because substantial evidence supports the BIA's adverse credibility finding, which is sufficient to support the BIA's decision, we need not reach the question whether Sun's treatment in China rises to the level of past persecution. *See id.* at 1048 n.6 ("Because concluding that the adverse credibility determination is based on substantial evidence is sufficient to deny [the] petition . . . we do not reach the IJ's alternative conclusions . . .").

Petition for review DENIED.